UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ZACHARIAH DAVID KONKLE,

    Plaintiff,

        v.                                              CAUSE NO. 3:26-CV-6-GSL-APR

HEATER,

    Defendant.

OPINION AND ORDER

Zachariah David Konkle, a prisoner without a lawyer, filed a complaint raising allegations about the conditions of his cell at the Miami Correctional Facility. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Konkle alleges Sgt. Heater forces him to live in a cell with spiders, insects, feces, mold, and toilet water on the floor. He alleges Sgt. Heater will not permit the cell to be cleaned. The Eighth Amendment requires prison officials to "provide humane conditions of confinement . . ..'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In evaluating an Eighth Amendment claim, courts conduct both an objective and a

subjective inquiry. *Id.* at 834. The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted). This complaint states a claim against Sgt. Heater.

Konkle also sues Warden English. He alleges the Warden will not fix or clean his cell. This complaint does not plausibly allege Warden English is personally involved with the cleanliness of Konkle's cell. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer

2

more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Under 42 U.S.C. § 1983, there is no general supervisory liability. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). [P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

For these reasons, the court:

(1) GRANTS Zachariah David Konkle leave to proceed against Sgt. Heater in his individual capacity for compensatory and punitive damages for forcing him to live in a cell at the Miami Correctional Facility from July 11, 2025, to present with spiders, insects, feces, mold, and toilet water on the floor that Sgt. Heater will not permit to be cleaned in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES English;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful

means to locate and serve process on) Sgt. Heater at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sgt. Heater to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 24, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT

4